# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT INC., d.b.a. INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PAUL ZEA ANDIA, d.b.a. EL RINCON DE GIOVANNITA PERUVIAN GRILL,<br><br>Defendant. | CV 19-02061 TJH (PLAx)<br><br>Order<br>and<br>Judgment<br><br>JS-6 |

The Court has considered Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media's ["Innovative"], renewed motion for default judgment and motion to dismiss its remaining claims, together with the moving papers.

Innovative holds the exclusive United States commercial distribution rights to the *Peru v. Croatia, International Friendly Soccer Game* ["the Soccer Game"], which was broadcasted nationwide on March 23, 2018.

On March 20, 2019, Innovative filed this action, alleging that Defendant John

Paul Zea Andia, d.b.a. El Rincon De Giovannita Peruvian Grill ["Andia"], displayed the Soccer Game at El Rincon De Giovannita Peruvian Grill ["El Rincon"], the restaurant that he owns, without a license. Innovative alleged the following claims: (1) Unauthorized interception of satellite communications, in violation of 47 U.S.C. § 605; (2) Unauthorized reception of cable communications, in violation of 47 U.S.C. § 553; (3) Conversion; and (4) Violation of California's unfair competition law, Cal. Bus. and Prof. Code § 17200, *et seq*.

Andia has never appeared in this action. On July 19, 2019, the Clerk of Court entered his default.

On August 12, 2019, Innovative, unsuccessfully, moved for default judgment. Innovative failed to establish liability as to any claim other than its conversion claim. Consequently, the Court denied Innovative's motion.

Innovative, now, renews its motion for default judgment as to Andia with respect to its conversion and unfair competition claims and, also, moves to dismiss its remaining claims.

**Default Judgment**

When reviewing this motion for default judgment, the Court must consider the following factors: (1) The possibility of prejudice to Innovative; (2) The merits of Innovative's substantive claim; (3) The sufficiency of the complaint; (4) The sum of money at stake in the action; (5) The possibility of a dispute concerning material facts; (6) Whether Andia's default was due to excusable neglect; and (7) Federal policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Regarding the first factor, the possibility of prejudice to Innovative is high because if this motion is denied it will have no alternative recourse for its claims. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005) (citing *Eitel*, 782 F.2d at 1471-72).

Regarding the second and third factors, the Court must accept the factual

allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To prevail on a conversion claim, Innovative must allege: (1) That Innovative owned or had the right to possess the property at issue; (2) Wrongful disposition of the property right by Andia; and (3) Damages. *See Tyrone Pac. Intern. Inc. v. MV Eurychilli*, 658 F.2d 664, 666 (9th Cir. 1981). The Court previously held that Innovative sufficiently alleged liability against Andia as to its conversion claim. Thus, Innovative has established liability for its conversion claim.

Regarding the fourth factor, Innovative requested $750.00 in damages for its conversion claim. Innovative provided evidence that Andia would have had to pay a licensing fee of $750.00 to lawfully display the Soccer Game, which is the proper measure of damages for a conversion claim, pursuant to Cal. Civ. Code § 3336.

Because Innovative did not seek additional damages for its unfair competition claim, the Court will dismiss that claim without prejudice.

Regarding the fifth factor, there is little possibility of a dispute concerning the material facts of this case. The Court must accept the factual allegations in the complaint regarding liability as true, and Andia failed to oppose this motion. *See Geddes*, 559 F.2d at 560.

Regarding the sixth factor, it is unlikely that Andia's inaction was due to excusable neglect. He has never participated in this action.

Regarding the seventh factor, although federal policy favors decisions on the merits, all other *Eitel* factors weigh in favor of the Court granting default judgment against Andia.

**Damages**

Innovative sought $750.00 in conversion damages. Generally, upon default, the facts alleged in the complaint, except those facts relating to the amount of damages, are taken as true. *See Geddes*, 559 F.2d at 560. Pursuant to Cal. Civ. Code § 3336, damages for conversion are based on the property's value at the time of the conversion. Innovative provided an affidavit from investigator Mario Galvez, which stated that he

observed the Soccer Game being displayed at El Rincon on multiple screens. Galvez estimated that the maximum capacity of the restaurant was 40 people. Innovative, also, submitted an affidavit from its president, Doug Jacobs, which set forth the licensing fee schedule for the Soccer Game. For a venue with a capacity of 40 people, the licensing fee was $750.00. Consequently, Innovative has established its conversion damages.

**Costs**

Innovative requested 14 days, post-judgment, to submit its requests for costs. Costs should be awarded pursuant to 28 U.S.C. § 1920.

**Dismissal of Remaining Claims**

Federal Rule of Civil Procedure 15(a) is the appropriate vehicle to withdraw an individual claim. *See, e.g., Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 697-88 (9th Cir. 2005). Under Fed. R. Civ. P. 15(a)(2), Innovative may amend its complaint with the opposing party's consent or leave of Court. Here, Innovated moved to dismiss its claims arising under 47 U.S.C. § 605 and 47 U.S.C. § 553. There is no reason for the Court to deny leave. Fed. R. Civ. P. 15(a)(2).

Accordingly,

It is Ordered that the motion for default judgment be, and hereby is, Granted as to the conversion claim.

It is further Ordered that the remaining claims be, and hereby are, Dismissed.

It is further Ordered, Adjudged, and Decreed that judgment be, and hereby is, Entered in favor of Plaintiff Innovative Sports Management, Inc., d.b.a. Integrated Sports Media, and against Defendant John Paul Zea Andia, d.b.a. El Rincon De Giovannita Peruvian Grill, in the amount of $750.00.

  **It is further Ordered** that Innovative may submit a Bill of Costs to the Clerk of Court within 14 days of this Order and Judgment.

Date: August 27, 2021

                *Terry J. Hatter, Jr.*
              **Terry J. Hatter, Jr.**
            **Senior United States District Judge**